# PREROGATIVE COURT.

DECEMBER TERM, 1850.

---

In the matter of the accounts of the Executors of SAMUEL. HAINES, deceased.

A., by will, gave the bulk of his estate to his two sons, and smaller portions to his daughters, and appointed the sons Executors of the will; and the will contained this clause, "and I do order and direct, that all my just debts and expenses be duly paid and satisfied out of the legacies bequeathed to my two sons."

*Held*, That the Executors were not entitled to commissions for settling the estate.

*Held*, That parol evidence that, by the word "expenses" in the said clause, the testator intended to include the expenses of settling the estate was inadmissible.

Samuel Haines, deceased, by his will, bequeathed and devised as follows:

"It is my will, and I do order and direct, that all my just debts and expenses be duly paid and satisfied, (by my Executors herein named,) out of the legacies bequeathed to my two sons, as soon as conveniently can be after my decease."

He then bequeaths to his wife a home in his house, consisting of two rooms, with certain privileges.

He also gives to his wife such household goods as she may select, previous to any appraisement of his personal property; and gives her an annuity of $50, to be paid to her by his son Charles, and an annuity of $70, to be paid to her by his son Isaac; which said sums are to be paid out of the devises of lands made by the will to his said sons; the bequests to his wife to be in lieu of dower.

He gives and devises to Charles the south-westerly part of his farm, by lines given by the will, with the buildings and improvements thereon, in fee, which south-westerly part contains 73 1-2 acres, subject to the payments and privileges, before mentioned, to his wife.

He gives and devises to Isaac, the north-easterly part of the said farm, by the lines aforesaid, containing 82 acres, with the buildings and improvements thereon, in fee, subject to the payment of the said money before mentioned to his wife.

He devises to his two sons, Charles and Isaac, each an undivided half of all his interest in a certain piece of cedar swamp, and the remaining part of a certain tract of pine land, after running off ten acres from the easterly end thereof, which he devises to his grandson, Samuel H. Roberts ; the whole tract containing 50 acres.

He also devises unto Charles and Isaac a tract of timber land containing about 22 acres.

He directs his Executors to sell all his interest in another tract of cedar swamp, and to give deeds therefor ; and to sell all the residue of his personal property, after his wife shall have selected such goods, &c., as before stated ; the proceeds of said sales to be added to his other personal estate, if any, to be divided and paid by the Executors as follows : $100 to his daughter Ann, wife of Samuel Shreve, and the residue to be equally divided between his daughter Ann and Samuel H. Roberts and Elizabeth, wife of Walter Knight, children of his daughter Hannah, deceased ; the said Samuel and Elizabeth taking the half which his said daughter Hannah, deceased, would have been entitled to if living.

And he appoints his sons, Charles and Isaac, Executors of the will, "under a belief and confidence that they will perform and execute the same in all things, according to the true intent and meaning thereof, to the best of their ability and understanding. The will was proved December 8, 1847.

In October, 1849, the accounts of the Executors were presented to the Orphans' Court of Camden County for settlement. The accounts, as presented, contained a credit to the

Executors for commissions for settling the estate, on $3921,54, at 6 per cent—$235,29; and struck the balance in the accountant's hands, to be disposed of according to the will, at $3,328,02.

Several exceptions were taken to the account before the Orphans' Court; and, in February, 1850, that Court ordered the charge for commissions to be struck out, and allowed the accounts in all other respects. The accounts were restated according to this direction, and the balance in the hands of the Executors was found to be $3563,31.

From this order of the Orphans' Court the Executors appealed to this Court.

No appeal was taken by the exceptants before the Orphans' Court.

The respondent, in his answer to the petition of appeal, states, that, at the hearing before the Orphans' Court, the exceptants below offered Benjamin Buckman, Esq., who drew the will, and was, also, a subscribing witness thereto, as a witness to prove that the testator, by the words used in the will, meant and intended that his said sons and Executors should pay, out of the property given to them, besides paying the debts, not only the *funeral* expenses, but, also, all the expenses and charges incident to and attending the settlement of the estate ; and that the word "funeral" was intentionally omitted, before the word "expenses," with a view of fully expressing such meaning and intention ; but that the Orphans' Court refused to admit the evidence so offered.

The respondent denies, that the allegation, in the petition of appeal, that the Executors were subjected to great expense and trouble, or either, in settling the estate, is true.

And he says, that in the amount on which commissions were charged by the Executors are included $1131,36 due and owing from the appellants themselves to the estate, the sum of $230,36 due from Samuel H. Roberts, one of the distributees, and the

sum of $20,10 due from the respondent to the testator; which two last mentioned sums were merely deducted from the shares of said two distributees.

All the exceptions, except that which relates to the commissions, were arranged between the parties before the argument in the Prerogative Court.

*Dudley* for the Appellants.

*Browning* for the Respondents.

THE ORDINARY.   Each of the sons get, by the will, a farm, with buildings and improvements on it, one of 73 acres, and the other, of 82 acres ; and the two, together, get 40 acres of pine land, and 22 acres of timber land, and an undivided half of the testator's interest in a piece of cedar swamp, the number of acres in which is not stated.   I am ignorant of the value of the lands devised to the sons.   The two shares of the daughter and the children of the deceased daughter, as the account now stands, will be but $1781.65, each share.

Nor have I any knowledge of the amount of the debts to be paid by the sons, Executors, out of the lands devised to them.

The Orphans' Court allowed no commissions; being of opinion, that the will required the sons, Executors, to settle the estate without charge.

The will provides, " that my just debts and expenses be duly paid and satisfied, by my Executors, (the two sons,) out of the legacies bequeathed to my two sons."   In the lands devised to the sons they have in their own hands the fund out of which the debts and expenses are to be paid.   The personal estate is not to pay the debts and expenses.   The sons, to whom this fund for the payment of the debts and expenses is given, are made Executors of the will, and as such are to settle the estate.   The clause may be properly read thus : my debts and expenses to be paid by my sons, whom I appoint Executors, out of the property bequeathed to them.

Paying debts is a part of the services for which commissions are allowed. The debts, in this case, being, by the will, to be paid out of property devised to the sons, they should receive no commissions for that service. The devise to them was the consideration, in the mind of the testator, why the sons should pay the debts. Testators frequently provide in their wills a mode or amount of compensation to Executors for settling the estate.

The word " expenses" is never used to signify expenses during the life of the testator ; they would be debts. The clause may be read thus : all my debts, and the expenses, to be paid by my Executors out of the property devised to my sons ; and I think this would mean, the expenses of the Executors in settling the estate, and, the will making the sons Executors, would put it on them to pay the debts.

The clause is in substance this : That all my just debts and expenses be paid by my executors out of the property given to them ; that is, that all debts and all expenses be paid by them.

If the bulk of the estate is given to the sons, it is a persuasive consideration in favor of the conclusion reached by the Orphans' Court. The Judges of that Court may be supposed to have known whether the sons had the bulk of the estate. No information has been given to me by the appellants as to the value of the lands given to the sons. The parol evidence excluded by the Orphans' Court was inadmissible. The order of the Orphans' Court will be affirmed.

Order accordingly.